UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARIANA ZUKOWSKI,

                Plaintiff,

                **ORDER**
                **06 CV 2980 (RJD) (LB)**

-against-

NEW YORK CITY TRANSIT AUTHORITY, et al.,

                Defendants.
-----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        The Court held a pre-trial status conference on December 9, 2009, and reviewed the Court's Memorandum and Order that denied defendants' motion for summary judgment without prejudice in order to afford plaintiff an opportunity to conduct additional discovery. Document 49. At a status conference on November 3, 2009, plaintiff failed to appear.[1] The Court, nonetheless, ordered defendants' counsel to authorize the release of the Department of Labor's ("DOL") records relating to plaintiff's application for unemployment, including whatever information the Transit Authority had supplied to the DOL. On November 12, 2009, defendants' counsel authorized the DOL's release of these records. See Document 56. Plaintiff stated that she had not received these records. The Court provided plaintiff with a copy of defendants' letter stating the name and address of the records access officer at the DOL whom plaintiff should contact.

        The Court also addressed the portion of Judge Dearie's Order regarding plaintiff's interrogatories served on various employees at the New York City Transit Authority as well as to

---

[1] Plaintiff stated she failed to appear at the November 3, 2009 conference because she had no money. The Court excused her failure to apper, but stated plaintiff should have contacted the Court and defendants' counsel prior to the conference.



plaintiff's union representative, Vincent Serapiglia. See Document 49 at 7. Defendants' counsel stated that they had responded to plaintiff's interrogatories except for those addressed to Mr. Serapiglia, a non-party. The Court directed defendants to file a letter with the Court confirming that they responded to plaintiff's interrogatories and attaching their responses. Defendants shall file this letter with the Court by December 28, 2009. The Court explained to plaintiff that defendants' counsel would not respond to interrogatories addressed to Mr. Serapiglia and that if plaintiff still wanted to question Mr. Serapiglia, she would have to find him and contact him.[2]

At plaintiff's request and with defendants' consent, the Court set April 1, 2010 as the deadline for the parties to complete all discovery. The Court also set the following briefing schedule for defendants' renewed motion for summary judgment: defendants shall serve their motion for summary judgment on plaintiff by May 3, 2010; plaintiff shall serve her opposition to defendants' motion on defendants' counsel by June 4, 2010; and defendants shall serve their reply and electronically file the fully briefed motion with the Court by June 18, 2010.[3]

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: December 11, 2009
      Brooklyn, New York

---

[2] Apparently, Mr. Serapiglia is no longer employed at the union. The Court explained to plaintiff that she could try to find him on-line or through other means and that if he was willing to speak with her, she could do that without a subpoena. The Court also explained that if she located him, she could subpoena him, but in addition to having the subpoena served, she would have to pay his witness fees under 28 U.S.C. §1821. See Malik v. Lavalley, 994 F.2d 90 (2d Cir. 1993) (federal courts are not authorized to waive a third party's fees).

[3] Defendants' counsel shall provide plaintiff with the requisite notice pursuant to Local Civil Rule 56.2.

2