```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARIANA ZUKOWSKI,

                    Plaintiff,                    **MEMORANDUM & ORDER**

        -against-                                 06 CV 2980 (RJD)(LB)

NEW YORK CITY TRANSIT AUTHORITY,
MANAGEMENT EMPLOYEES OF 40 YUKON
AVE, STATEN ISLAND, NY 10314,
MR. MCGOWAN, MR. TICHIO, NEW
LABOR RELATIONS MANAGER,

                    Defendants.
----------------------------------------------------------X
DEARIE, Chief Judge.
```

Notwithstanding plaintiff's industriousness during the early years of this litigation and the charitable ruling she received from this Court last September, which allowed her case to continue in the face of defendants' request for summary judgment, plaintiff Mariana Zukowski has not been heard from since her appearance at a conference before Magistrate Lois Bloom on December 9, 2009.

*Inter alia*, (i) defendants report that they did not receive a response to a discovery request they sent plaintiff on March 19, 2010 for materials that were apparently released to her by the Department of Labor pursuant to this Court's September 29, 2009 Memorandum and Order; (ii) by Order of Magistrate Lois Bloom dated December 9, 2009, plaintiff was directed to respond to defendants' renewed summary judgement motion (which was served upon her on or about May 3, 2010 pursuant to the same order) by June 10, 2010, but to date she has neither submitted opposition papers nor requested an extension; (iii) defendants' counsel reports that, having received no opposing motion papers, she telephoned plaintiff but that the number she had was

not in service; (iv) by Order dated June 10, 2010, Magistrate Bloom alerted plaintiff that she was being afforded one "last chance to file whatever she wants the Court to consider in opposition to defendants' motion" by June 25, 2010 and that "[s]he will not be given another chance;" and (iv) a writ clerk from the Court's pro se staff, at this Court's request, this week placed a call to plaintiff's latest telephone number of record on July 28, 2010 and, having explained that he was a member of the Court's pro se staff phoning in connection with Ms. Zukowski's pro se lawsuit pending in this Court, was told by the gentleman who answered the phone that "there is no one here by that name."

All litigants, even those appearing pro se, bear the simple obligation of notifying the Court of a change in address or telephone number, and even the unrepresented prejudice their adversaries and needlessly burden the Court when they miss deadlines and ignore correspondence and Court orders. A litigant's neglect of the claims she herself elected to bring to Court will not be tolerated, especially in an action entering its fifth year on the Court's docket.

Accordingly, the Court concludes that dismissal of this action for failure to prosecute is appropriate. See generally Lewis v. Rawson, 564 F.3d 569, 576 (2d. Cir. 2009) (listing five factors to be examined when dismissing for lack of prosecution); Deptoal v. Doe, 04 CV 1379 (DRH) (JO), 2005 WL 2483341 (E.D.N.Y. Oct. 7, 2005) (pro se civil rights action dismissed for lack of prosecution, with prejudice where, *inter alia*, plaintiff was unreachable for four months); Love v. Amerigroup Corp., 09 CV 4233 (ILG)(RR) (E.D.N.Y. June 2, 2010) (recommending dismissal with prejudice when, *inter alia*, plaintiff remained absentee for five months).

Because dismissals for lack of prosecution are ordinarily ordered *with* prejudice, see Fed. R. Civ. P. 41(b), the most critical of the factors to be considered is "the need to alleviate court

calendar congestion [] balanced against plaintiff's right to an opportunity for a day in court." Lewis, 564 F.3d at 576 (internal citation omitted). Judge Bianco recently concluded that in some circumstances the due process balance in the lack of prosecution context was best struck by ordering dismissal *without* prejudice, see Beeks v. Reilly, 2009 WL 2568531, *2-3 (E.D.N.Y. Aug, 19, 2009). For comparable reasons, the Court concludes that, although dismissal with prejudice is appropriate in this case, the Clerk is directed to stay entry of final judgment for 21 days from the date of entry of this Memorandum & Order.

SO ORDERED.

Dated: Brooklyn, New York
July 30, 2010

s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge